IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| Plaintiff,        ) | |
| vs.        ) | NO. CR 07-1175 RB |
| LUIS RAYMUNDO ESCOBEDO,        ) | |
| Defendant.        ) | |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on the Government's Motion in Limine Regarding Rule 609 Evidence (Doc. 30), filed on August 16, 2007, Defendant's Motion in Limine to Exclude Expert Testimony or, in the Alternative, for Pretrial *Daubert*[1] Hearing (Doc. 53), filed on December 4, 2007, and the Government's Combined 404(b) Notice and Motion In Limine Regarding Impeachment Evidence (Doc. 55), filed on December 4, 2007. A hearing was held on these matters on December 6, 2007. Having considered the arguments of counsel, relevant law, and being otherwise fully informed, I grant in part the Government's Motion in Limine filed pursuant to Rule 609, deny Defendant's Motion in Limine subject to certain caveats stated herein, and grant the Government's Motion in Limine filed pursuant to Rule 404(b).

**I.    Background.**

Defendant is charged with: (1) conspiracy to possess with intent to distribute 50 kilograms and more of marijuana; and (2) possession with intent to distribute 50 kilograms and more of marijuana. The sole Co-Defendant, Cristina Rivera, pleaded guilty to the Indictment and is currently

---

[1] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

awaiting sentencing. The Co-Defendant has stated that Defendant was unaware of the Co-Defendant's plan to transport marijuana in the spare tire. Defendant intends to call the Co-Defendant in his defense.

Counsel for the Co-Defendant has indicated that the Co-Defendant will invoke her Fifth Amendment rights if she is called to testify before she is sentenced. This matter is set for trial on December 17, 2007, subject to continuance if the Co-Defendant is not sentenced before that date.

**II.     Discussion.**

    **A.     Government's Motion in Limine Regarding Rule 609 Evidence.**

The Government seeks a pre-trial ruling that Defendant's two prior criminal felony convictions are admissible as impeachment evidence in the event Defendant or the Co-Defendant testify at trial. At the December 6, 2007 hearing, Counsel concurred with my suggestion that the Government may inquire on cross-examination about the fact that Defendant has two prior felony convictions, but the Government may not mention any detail concerning the prior convictions. Accordingly, the Government's Motion in Limine Regarding Rule 609 Evidence is granted in part as agreed at the hearing and stated herein.

    **B.     Defendant's Motion in Limine to Exclude Expert Testimony or, in the Alternative, for Pretrial *Daubert* Hearing.**

On December 3, 2007, the Government filed a notice of its intent to offer the testimony of Special Agent Hansen, an expert, on:

> [T]he quantities of narcotics in this case are distributable amounts, as opposed to personal use amounts. Further, it is anticipated that Special Agent Hansen may offer testimony regarding the duties of different individuals involved in a drug trafficking scheme and a general overview of the business aspects of a drug trafficking scheme. He also may testify about the value of the narcotics seized in this case, both wholesale and retail, at different locations.

(Doc. 47.)

Defendant contends that the only issue at trial will be whether Defendant knew that the Co-Defendant was transporting marijuana in the spare tire. (Doc. 53.) Defendant also points out that Special Agent Hansen is also a fact witness in this case.

The Tenth Circuit allows law enforcement agents to provide expert testimony concerning the drug trade under Rule 702. *See, e.g., United States v. Quintana*, 70 F.3d 1167, 1170-71 (10th Cir. 1995) (meaning of drug code); *United States v. Sturmoski*, 971 F.2d 452, 459 (10th Cir. 1992) (tools of the drug trade); *United States v. McDonald*, 933 F.2d 1519, 1520-23 (10th Cir. 1991) (significance of quantity of cocaine, tools of drug trade, and use of food stamps to purchase crack cocaine); *United States v. Harris*, 903 F.2d 770, 775-76 (10th Cir. 1990) (drug records). Accordingly, I generally allow law enforcement agents to testify as to the significance of drug quantity, the monetary value of drugs, and the workings of drug distribution organizations, but not concerning any conclusion that an individual qualifies as a participant in drug-related conduct.

The significance of this distinction is underscored by Federal Rule of Evidence 704, which provides:

> (a) Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.
>
> (b) No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

Fed. R. Evid. 704(b).

"Rule 704(b) only prevents experts from expressly stating the final conclusion or inference as to a defendant's actual mental state. The rule does not prevent the expert from testifying to facts or opinions from which the jury could conclude or infer the defendant had the requisite mental

state." *United States v. Richard*, 969 F.2d 849, 854-55 (10th Cir. 1992). So long as Special Agent Hansen's testimony consists of facts or opinions from which the jury could conclude or infer that Defendant had the requisite mental state, and does not make that inference or conclusion for the jury, his testimony would not violate Rule 704(b).

Specifically, Special Agent Hansen may testify as to the significance of the quantity of the marijuana, the value of the marijuana, and marijuana distribution organizations in general. However, Special Agent Hansen may not make an inference or conclusion as to whether Defendant or the Co-Defendant qualify as participants in a drug distribution organization or scheme.

Defendant also challenges the testimony of Special Agent Hansen under Federal Rule of Evidence 403, which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

The Tenth Circuit recently stated, in an unpublished decision:

> [T]he use of a case agent as an expert increases the likelihood that inadmissible and prejudicial testimony will be proffered, in particular, when the expert goes beyond his expertise and summarizes his beliefs about the defendant's conduct based upon his knowledge of the case . . . . In such circumstances, the risk of prejudice is three-fold: (1) the jury may infer the agent's opinion testimony about the defendant's activity is based on knowledge of the defendant beyond the evidence at trial, (2) the defendant's ability to cross-examine the expert/fact witness may be inhibited because a failed attempt to impeach the witness as an expert may effectively bolster his credibility as a fact witness, and (3) the expert may stray from the scope of his expertise and act as a summary witness which usurps the role of the jury and creates jury confusion as to whether the witness is relying on his general experience and reliable methodology or improperly on what he has learned of the case . . . . Despite these risks, however, . . . the Second Circuit did not categorically prohibit the use of case agents as experts . . . . Rather, it cautioned trial courts to vigilantly ensure a case agent's expert testimony is reliable and its probativeness is not substantially outweighed by its prejudicial effect. . . . . [w]e decline to adopt a per se rule

prohibiting the use of case agents as experts, but leave it to the trial judge who is attuned to the dynamics of the trial, to make the necessary 403 determination.

*United States v. Mendoza*, 236 Fed.Appx. 371, 73 Fed. R. Evid. Serv. 797, 2007 WL 1575985 *12 (10th Cir. Jun. 1, 2007) (internal citations and quotations omitted).

The Court is sensitive to the fact that Special Agent Hansen has direct knowledge of this case. Counsel for the Government is reminded to be vigilant that Special Agent Hansen's testimony does not stray from the scope of his expertise and usurp the role of the jury.

Defendant requests a *Daubert* hearing. In *Daubert*, the Supreme Court required district courts to perform a gatekeeping role to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. According to the Government's notice, it does not intend to offer scientific evidence through Special Agent Hansen. Thus, a *Daubert* hearing is unnecessary.

Defendant's Motion in Limine to Exclude Expert Testimony or, in the Alternative, for Pretrial *Daubert* Hearing is denied, subject to the considerations stated herein.

### C. Government's Combined Rule 404(b) Notice and Motion In Limine Regarding Impeachment Evidence.

The Government moves for an order that Defendant's prior marijuana-related conviction is proper impeachment material if Defendant calls the Co-Defendant as a defense witness.

The prior offense may be summarized as follows. On May 9, 2000, Defendant alone drove a vehicle registered to his father into the Paso Del Norte Port of Entry with approximately 67 pounds of marijuana hidden in a false compartment in the dashboard. The marijuana was discovered and Defendant admitted knowledge. By Judgment, dated September 19, 2000, Defendant was sentenced to twelve months and one day of imprisonment. On January 24, 2001, while serving his sentence at a half-way house, Defendant absconded. On April 24, 2004, Defendant was apprehended and

charged with escape. By Judgment, dated September 29, 2004, Defendant was sentenced to eight months concurrent.

In the instant case, the Government states the evidence will show that, on May 20, 2007, Defendant drove a GMC Yukon into a U.S. Border Patrol checkpoint on Highway 185. Ms. Rivera was a passenger in the Yukon. The Yukon was registered to Ms. Rivera. Border Patrol Agent Roger Old Mouse became suspicious, and consent to search was obtained. Agents discovered 122 pounds of marijuana hidden in the spare tire. Defendant denied knowledge of the marijuana.

Evidence of other wrongful acts is admissible under Fed. R. Evid. 404(b) if four requirements are met: (1) the evidence is offered for a proper purpose (such as proof of intent, plan, knowledge, or absence of mistake); (2) the evidence is relevant under Rule 401; (3) the probative value is not substantially outweighed by the danger of unfair prejudice under Rule 403; and (4) the Court instructs the jury to consider the evidence only for the purpose for which it was admitted. *See Huddleston v. United States*, 485 U.S. 681, 691 (1988); *United States v. Tan*, 254 F.3d 1204, 1207 (10th Cir. 2001).

The first requirement is satisfied. Evidence is offered for a proper purpose if allowed for one or more of the enumerated purposes in Rule 404(b). *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006). Here, the Government has offered the evidence to show Defendant's knowledge, intent, lack of mistake or accident and plan.

The second requirement is more problematic. "[P]rior narcotics involvement is relevant when [it] is close in time, highly probative, and similar to the activity with which the defendant is charged." *United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000) (quotations omitted). The circumstances of the instant offenses are sufficiently similar to the prior offense to make the evidence probative, but the probative value of this evidence is diminished by the temporal

remoteness of the prior conviction. *See Becker*, 230 F.3d at 1232.

The Tenth Circuit has observed: "[t]here is no absolute rule regarding the number of years that can separate offenses. Rather, the court applies a reasonableness standard and examines the facts and circumstances of each case." *United States v. Cuch*, 842 F.2d 1173, 1178 (10th Cir. 1988). In *Cuch*, the Tenth Circuit affirmed the admission of evidence concerning an offense occurring over seven years before the charged offense and recognized that other courts have allowed gaps of five to thirteen years. *Id.* The Tenth Circuit also noted the seven-year gap was somewhat misleading because, during part of the time period, the defendant had been serving a thirty-month sentence on the prior offense. *Id.*

In this case, seven years elapsed between the commission of the prior marijuana offense and the instant offense. However, for a significant portion of those seven years, Defendant was incarcerated or on absconder status. Only three years elapsed between the expiration of the period of incarceration and the instant offense.

The danger of unfair prejudice resulting from the evidence's admission must not substantially outweigh the probative value of the evidence under the balancing test of Fed. R. Evid. 403. In order for evidence to be inadmissible under Rule 403, the evidence's unfair prejudice must "make[ ] a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Tan*, 254 F.3d 1204, 1211-12 (10th Cir. 2001). The admission of evidence relating to his prior conviction is undoubtedly prejudicial to Defendant's theory of the case. However, the prior conviction would not provoke an emotional response or irrevocably affect the jury's attitude toward Defendant particularly so, here, where a co-defendant, having assumed responsibility for the crime, is prepared to testify that the Defendant had no

knowledge of the marijuana.  The danger of unfair prejudice resulting from the admission of the prior conviction does not substantially outweigh the probative value of the evidence under the balancing test of Fed. R. Evid. 403.  Accordingly, the Government's Motion in Limine is granted.

**IT IS SO ORDERED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**